FAIRBANKS, MORSE & COMPANY v. MAY DAVIS ET AL.

FILED JUNE 23, 1898.   No. 8186.

Action for Balance Due on Account: OVERPAYMENT: JUDGMENT FOR
    DEFENDANTS: INSTRUCTIONS: REVERSAL. An instruction in which
    it was erroneously assumed that there was evidence which might
    entitle the defendant to a verdict for a sum claimed, followed by
    a verdict accordingly, *held* to show such prejudicial error as
    against the plaintiff that the judgment must be reversed, even
    though in form the judgment entry was that defendant recover
    of plaintiff the amount found due by the verdict less that same
    amount.

ERROR from the district court of Lincoln county.
Tried below before NEVILLE, J. *Reversed.*

*J. S. Hoagland,* for plaintiff in error.

*Grimes & Wilcox,* contra.

RYAN, C.

In the district court of Lincoln county, Fairbanks,
Morse & Co. sought to recover judgment for a balance of
$229.50 against May Davis and Romie Chapman, as mem-
bers of the dissolved partnership firm of Davis & Chap-
man. In the answer the account was admitted to be
correct, but it was pleaded that certain described notes
and accounts had been turned over by the defendants
and accepted by plaintiff in full payment and settlement
of said account due plaintiff, and that plaintiff had col-
lected the whole of said notes and accounts, but had
failed to give the defendants credit therefor or pay to

defendants any part thereof, and that plaintiff had been therefore overpaid $51, for which sum defendants prayed judgment.   These affirmative averments were denied in the reply.

The error relied upon, it is urged, was preserved by an exception to the third instruction given by the court on its own motion.   In this instruction the court correctly stated the effect of receiving the notes and accounts as payment.   This statement was followed by this language: "And if you further find from the evidence that plaintiff agreed to return any surplus which might be collected on said notes and order over and above said plaintiff's claim, and if you further believe that such a surplus was collected by plaintiff, then you should find the amount of such surplus was collected by plaintiff, then you should find the amount of such surplus in favor of the defendant."   In the petition in error the third, fourth, and sixth instructions given by the court were grouped in one assignment of error, but as the fourth instruction must stand or fall with the third, and as the sixth, without warrant of evidence, assumed that some of the notes were payable to plaintiff, we shall only consider the language above quoted from the third.   There was no evidence which tended to show that plaintiff was under any obligation to account to defendants for anything above the amount due from defendants to plaintiff, and if there had been, there was no proof of any such surplus. The instruction was, therefore, erroneous.   That the jury was misled by it is quite evident from the fact that there was a verdict in favor of defendants in the sum of $51. The court undertook to cure this error by entering judgment in favor of defendants for the sum of $51 less $51, and taxed the costs to plaintiff.   We cannot say that this counteracted the erroneous effect of the instructions complained of, for, as there was no evidence to justify a finding of anything being due defendants, we cannot say that that was the exact error committed. The jury might as justifiably have disregarded the evidence in some

other respect as in regard to the amount of the surplus collected. Possibly the theory of the court in practically entering a remittitur of $51 may have been most nearly in accordance with the actual facts, but judgments of courts should rest upon proofs and not upon mere conjecture. For the error in giving the third instruction the judgment of the district court is reversed.

REVERSED AND REMANDED.